UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 13
CATHY JO WHITE                  )
                                )    Bankruptcy No. 06-01373
    Debtor.                     )

### ORDER RE: AMENDMENT TO PLAN

This matter came before the undersigned on August 15, 2007 on Confirmation of Debtor's modified plan. Debtor Cathy Jo White appeared with Attorney Paul Shinkle. Carol Dunbar appeared as Chapter 13 Trustee. Creditor Jodeen Fitz appeared without an attorney. After hearing arguments of counsel, the Court took the matter under advisement. Although the Court invited the parties to file briefs, that is no longer necessary in light of the ruling herein. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

### STATEMENT OF THE CASE

Debtor filed an Amendment to Plan asking that 28 creditors be removed so that their claims will not be paid through the plan. Trustee and Creditor Jodeen Fitz filed objections.

### FINDINGS OF FACT

Debtor's Chapter 13 plan was confirmed on February 20, 2007. Trustee filed a Report on Claims on March 1, 2007. No objections were filed to the Report on Claims. On July 5, 2007, Debtor filed her Amendment to Plan. She asserts that she is not personally liable on debts to 28 specific creditors which she included as unsecured creditors on Schedule F. Debtor's Amendment states: "These bills were never in the name of the Debtor, but were only listed as a protection matter. All the debts were actually those of her ex-husband, Brian White. . ." At the hearing, counsel for Debtor explained that the names of these creditors were taken from a prepetition credit report. Debtor asks that the claims of these creditors be removed so that they are not paid through her Chapter 13 plan.

Trustee objects to confirmation of the Amendment to Plan. She states Debtor is behind in payments and has not turned over tax refunds. Debtor did not file an objection to the Report on Claims before the bar date for objections of March 21, 2007. Seven of the 28 creditors have filed claims totaling $13,521.57.

Including these claims, total unsecured debt is $39,457.92.  At the hearing, Trustee pointed out that the certificate of service of Debtor's Amendment to Plan does not state which creditors received service.  Counsel for Debtor stated that notice of the Amendment was sent to the various creditors.

One of the creditors, Jodeen Fitz, filed an objection.  She asserts her claim of $2,750 is a joint marital debt of both Brian White and Debtor Cathy Jo White.

## CONCLUSIONS OF LAW

Section 1327(a) states that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).  The Eighth Circuit has noted that the binding effect of a confirmed plan may result in res judicata on claims that were or could have been decided in the confirmation process.  Harmon v. United States, 101 F.3d 574, 582-83 n. 5 (8th Cir. 1996); In re Simpson, 240 B.R. 559, 561 (B.A.P. 8th Cir. 1999).

An unsecured creditor must file a proof of claim for the claim to be allowed in a Chapter 13 case.  In re Dove-Nation, 318 B.R. 147, 151 (B.A.P. 8th Cir. 2004); Fed. R. Bankr. P. 3002(a). Once a proof of claim is filed, the claim is deemed allowed unless a party in interest objects.  In re Be-Mac Transport Co., 83 F.3d 1020, 1025 (8th Cir. 1996); 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  Under § 502(j), however, a court may reconsider an allowed or disallowed claim for cause, and according to the equities of the case.  11 U.S.C. § 502(j).  The court has substantial discretion in deciding whether to grant a motion to reconsider a claim under § 502(j).  In re Mathiason, 16 F.3d 234, 239 (8th Cir. 1994).

Section 502(j) carves out an exception to the res judicata effect of § 1327 and exists as a separate and independent authority for reducing claims based on the equities of the case. In re Ross, ___ B.R. ___, 2007 WL 2301763, *3 (Bankr. W.D. Mo. Aug. 10, 2007).  The bankruptcy court may consider a § 502(j) motion at any time, even after a Chapter 13 plan has been confirmed.  In re Zieg, 206 B.R. 974, 978 (D. Neb. 1997).

## ANALYSIS

Ordinarily, Debtor's confirmed plan has binding effect on Debtor.  Under § 502(j), however, an exception exists which

2

allows for reconsideration of claims post-confirmation. Debtor titled her motion "Amendment to Plan." She wishes to remove 28 creditors from her case. Seven of these creditors have filed proofs of claims. Debtor's "Amendment to Plan" is in actuality a motion to reconsider the claims of these seven creditors.

Rule 3008 requires notice and a hearing for a motion to reconsider claims under § 502(j). Although counsel for Debtor assured the Court that the various creditors received notice of the "Amendment to Plan," that is not evident from the relevant certificate of service. Debtor should recast her Amendment to Plan as a Motion to Reconsider Claims. The Motion should be served on the seven creditors who have filed claims which Debtor seeks to remove from the case, along with notice of a 20-day bar date for objections. Further hearing will be held on any objections filed.

Creditor Jodeen Fitz has already filed a response. Her claim is deemed allowed. The Court hereby gives Debtor a bar date of September 9, 2007 to object to her claim. If Debtor fails to file an objection, the claim of Jodeen Fitz will be allowed as an unsecured claim to be treated with other unsecured claims through Debtor's Chapter 13 plan.

**WHEREFORE**, Debtor is directed to recast her Amendment to Plan as a Motion to Reconsider Claims and serve copies on the seven creditors who filed proofs of claims, except Creditor Jodeen Fitz, with notice of a 20-day bar date for objections.

**FURTHER**, if Debtor wishes to object to the claim of Jodeen Fitz, she must file an objection on or before September 9, 2007.

**FURTHER**, further hearing will be held if objections are filed.

DATED AND ENTERED: August 21, 2007

/s/ Paul J. Kilburg

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE